# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| BRANDY RENEE BYRD, | |
|     Petitioner, | No. C06-0057-LRR |
| vs. | |
| DIANN WILDER-TOMLINSON, | INITIAL REVIEW ORDER |
|     Respondent. | |

## I. INTRODUCTION

This matter is before the court on the petitioner's application for a writ of habeas corpus (Docket No. 1), application to proceed in forma pauperis (Docket No. 2) and application for appointment of counsel (Docket No. 3). The petitioner submitted her application for a writ of habeas corpus on April 27, 2006, application to proceed in forma pauperis on April 28, 2006 and application for appointment of counsel on May 5, 2006. For the following reasons, the petitioner's application to proceed in forma pauperis shall be granted, the petitioner's application for a writ of habeas corpus shall be dismissed without prejudice and the petitioner's application for appointment of counsel shall be denied as moot.

## II. APPLICATION TO PROCEED IN FORMA PAUPERIS

The petitioner submitted an application that meets the requirements of 28 U.S.C. § 1915(a). Accordingly, in forma pauperis status shall be granted. The Clerk of Court shall file the application for a writ of habeas corpus without the prepayment of fees and costs. Rule 3(a), Rules Governing Section 2254 Cases; 28 U.S.C. § 1915.

### III. BACKGROUND

Currently confined at the Iowa Correctional Institution for Women in Mitchellville, Iowa, the petitioner brings this action under 28 U.S.C. § 2254 to challenge the legality of her convictions and resulting sentences.

In the Iowa District Court in and for Linn County, a jury found the petitioner guilty of first degree murder, in violation of Iowa Code sections 707.1 and 707.2, and first degree robbery, in violation of Iowa Code sections 711.1 and 711.2. *See State v. Byrd*, 695 N.W.2d 42, 2004 Iowa App. LEXIS 1513 (Iowa Ct. App. 2004); *State v. Byrd*, 2004 Iowa App. LEXIS 1211 (Iowa Ct. App. 2004); *State v. Byrd*, No. FECR044094 (Linn County Dist. Ct. 2003).[1] The Iowa District Court in and for Linn County sentenced the petitioner to life imprisonment for the first degree murder offense and twenty-five years imprisonment for the first degree robbery offense. *Id*. The petitioner appealed, and procedendo issued on February 4, 2005. Regarding her convictions, the petitioner is seeking post-conviction relief in the Iowa District Court in and for Linn County. *See Byrd v. State*, No. PCCV052963 (Linn County Dist. Ct. 200_). The petitioner's post-conviction relief application is still pending. *Id*.

On April 27, 2006, the petitioner filed the instant application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In such application, the petitioner asserts: 1) the confession obtained from her violated her constitutional rights; 2) she was denied effective assistance of counsel because a motion for new trial was not filed; 3) she was denied effective assistance of counsel because no objection to the felony murder instruction was

---

[1] Iowa state court criminal and civil records may be accessed at the following address: www.judicial.state.ia.us/online_records/. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (addressing court's ability to take judicial notice of public records).

raised; and 4) she was denied due process because the jury was not impartial. She also makes clear in her application that several, if not all, of those claims are pending review by the Iowa District Court in and for Linn County. The court now turns to consider the petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## IV. DISCUSSION

### A. *Initial Review Standard*

Rule 4 of the Rules Governing Section 2254 Cases provides that the court shall conduct an initial review of the application for habeas corpus and summarily dismiss it, order a response, or "take such action as the judge deems appropriate." *See* Rule 4, Rules Governing Section 2254 Cases. The court may summarily dismiss an application without ordering a response if it plainly appears from the face of the application and its exhibits that the petitioner is not entitled to relief. *See id.*; 28 U.S.C. § 2243; *Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). For the reasons set forth below, summary dismissal is appropriate in this case.

### B. *The Petitioners' Application*

A petitioner, before obtaining federal habeas corpus review of her state confinement, must first "exhaust" her federal claims in the appropriate state forum. 28 U.S.C. § 2254(b)(1).[2] A petitioner has exhausted her state remedies when she has

---

[2] 28 U.S.C. § 2254(b)(1) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
> (A) the applicant has exhausted the remedies available in the courts of the State, or
> (B) (i) there is an absence of available State corrective process; or
>     (ii) circumstances exist that render such process ineffective to
> (continued...)

3

provided the highest state court with a full and fair opportunity to consider all the claims before presenting them to the federal court. *Vasquez v. Hillery*, 474 U.S. 254, 257, 106 S. Ct. 617, 88 L. Ed. 2d 598 (1986); *Anderson v. Harless*, 459 U.S. 4, 6, 103 S. Ct. 276, 74 L. Ed. 2d 3 (1982); *Picard v. Connor*, 404 U.S. 270, 276, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971); *Miller v. Lock*, 108 F.3d 868, 871 (8th Cir. 1997); *Ashker v. Leapley*, 5 F.3d 1178, 1179 (8th Cir. 1993); *McDougald v. Lockhart*, 942 F.2d 508, 510 (8th Cir. 1991) *see also* 28 U.S.C. § 2254(c).[3] In Iowa, exhaustion requires a petitioner to seek discretionary review from the Iowa Supreme Court after the Iowa Court of Appeals rejects an appeal argument. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845-48, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999) (abrogating *Dolny v. Erickson*, 32 F.3d 381 (8th Cir. 1994)).

The fair presentment component of the exhaustion requirement compels a petitioner to affirmatively:

> refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue.

*Ashker*, 5 F.3d at 1179 (quotations and citations omitted); *accord Thomas v. Wyrick*, 622 F.2d 411, 413 (8th Cir. 1980). A claim is not fairly presented to the state courts unless the same factual grounds and legal theories asserted in the prisoner's federal habeas corpus application have been properly raised in the prisoner's state court proceedings. *Keithley*

---

(...continued)
>  protect the rights of the applicant.

[3] 28 U.S.C. § 2254(c) provides:

> An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

*v. Hopkins*, 43 F.3d 1216, 1217 (8th Cir. 1995); *Flieger v. Delo*, 16 F.3d 878, 884 (8th Cir. 1994); *see also Keeney v. Tamayo-Reyes*, 504 U.S. 1, 8, 112 S. Ct. 1715, 118 L. Ed. 2d 318 (1992) (full and fair presentment of claims to the state court requires "full factual development" of the claims in that forum).

"The purpose of the fair presentation component of the exhaustion requirement is to give state courts the first opportunity to review federal constitutional issues and to correct federal errors made by the state's trial courts." *Laws v. Armontrout*, 834 F.2d 1401, 1412 (8th Cir. 1987); *see also Duncan v. Henry*, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (per curiam) (same). If a petitioner has not fully presented her federal claims in state court, the claims are barred in federal court and must be dismissed, unless the petitioner can either show both good cause for her failure to present the claims in state court and actual prejudice as a result of the alleged constitutional violation or demonstrate that failure to review the claim would result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991); *Keithley*, 43 F.3d at 1218; *Maynard v. Lockhart*, 981 F.2d 981, 984 (8th Cir. 1992); *Buckley v. Lockhart*, 892 F.2d 715, 718 (8th Cir. 1989).

Here, the petitioner is attempting to challenge her convictions for first degree murder and first degree robbery. The petitioner, however, states in her application for a writ of habeas corpus that she is currently pursuing post-conviction relief. Based on the petitioner's statements, the court finds the petitioner failed to adequately present her claims to the state courts as she is required to do if she seeks habeas corpus relief. *See* 28 U.S.C. § 2254(b)(1)(A); *Carmichael v. White*, 163 F.3d 1044, 1045-46 (8th Cir. 1998). Further, the petitioner does not state in her application for a writ of habeas corpus that anything is preventing her from pursuing post-conviction relief pursuant to Chapter 822 of the Iowa Code. *See* Iowa Code section 822.1, et al. (providing for post-conviction relief).

Therefore, the court finds the petitioner failed to show good cause for any failure to present her claims to the highest state court and actual prejudice as a result of the alleged constitutional violation or a potential for the fundamental miscarriage of justice. *See Coleman*, 501 U.S. at 750; *Keithley*, 43 F.3d at 1218; *Maynard*, 981 F.2d at 984; *Buckley*, 892 F.2d at 718. Because it is clear 28 U.S.C. § 2254(b) bars the petitioner's action, it is appropriate to summarily dismiss the application for a writ of habeas corpus under Rule 4 of the Rules Governing Section 2254 Cases.

### *V. APPLICATION FOR APPOINTMENT OF COUNSEL*

Having determined the application for a writ of habeas corpus should be dismissed, the court shall deny as moot the application for appointment of counsel.

**IT IS THEREFORE ORDERED**:

1) The petitioner's application to proceed in forma pauperis is granted.

2) The Clerk of Court is directed to file the petitioner's application for a writ of habeas corpus without prepayment of the filing fee.

3) The petitioner's 28 U.S.C. § 2254 application is dismissed without prejudice.

4) The petitioner's application for appointment of counsel is denied as moot.

**DATED** this 9th day of May, 2006.

_____
LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA